fiy the Court.

The appellant is a married woman, separated ot bed and board from her husband. She had brought in marriage a sum of an<^ two slaves, who, by the stipulations.of marriage contract, became the property of A * the husband. One of slaves, named Rosette, was by him sold; the other, named Cité, he exchanged for an other slave named Laguerre, whom he also sold. Rosette and Laguerre are riow thé property of the appellee. On them the appellant claims a lien, and she has accordingly instituted this suit against their present owner, demanding that they may be seized and sold to satisfy the *391 judgment which she has obtained against her husband for the restitution of her marriage portion. '
East. District.
July 1814.
The only question in this case is, whether the tacit mortgage which the wife has on the pro-, perty of her husband, for the restitution of her dower, extends to the property which the husband may have alienated.. The District Judge has conceived that this right of mortgage can be exercised only on such property as the husband may be possessed of, at the time of the dissolution of the community. In that, we think he has erred. The tacit mortgage of the wife, similar in this to all general mortgages, must indeed be exercised; first against the debtor, if he has any property left.. In such case it is not the intention of the law that the purchasers of his goods should be disturbed. But if, at the time of the dissolution of the community, the husband is insolvent, then the tacit' mortgage of the wife attaches to, the property which he. has alienated.
If it were otherwise, what would signify the provision which secures the dower of the wife by a legal mortgage on her husband’s estate ? A lien, to t>e extinguished by the alienation of the property, would be no lien at all. The dower, which the law has taken care to secure, might be. lost ; and the wife, whom it protects, would be: exposed to utter ruin. The faculty granted to the, wife of petitioning fora separation of. goodg. is as *392 resource provided for by law to enable her to rescue her dower when it is in danger; but should that be her only safeguard, it would prove in many cases a very impotent one ; for the whole of the husband’s property might be disposed of, before the wife could even suspect his intentions.
The appellant is, therefore, well founded in her .demand against the appellee, so far as it concerns the negro wench Rosette, who being tacitly mortgaged to the restitution of her dower, was sold by her husband.
With respect to the negro Laguerre, it has been objected that, instead of claiming her right of mortgage on him, the appellant ought to have exercised it against, the possessor of Cité who, , while mortgaged to her, was exchanged for Laguerre. It is true the appellant might have exercised her recourse against the possessor of Cité : but she was not obliged, to do so. The property acquired during the community, of which the husband is the master, is as much liable to the tacit mortgage of the wife, as the separate estate of the husband. The appellant had, therefore,’ the same right against the purchaser of Laguerrej as she had against the possessor of Cité. Much has been said, as to the hardship which results against purchasers, from the exercise of this tacit mortgage of the wife on the property alienated by her husband. It is not the province of courts *393 of justice to enquire into the inconveniences laws ; if it were, it might be observed here that the hardship is not só great as it has been represented; for, there is hardly a citizen of this state who does not know that he must act with due caution when he buys immoveables or slaves , from a married man.
The objection made that this marriage contract is not binding upon third persons, in as much as it was not recorded, according to a law enacted iij 1813, is of no force. This suit was begun before that law Was passed. Besides the object of such recording is to give notice of the contract; in this casé the appellee had by the suit full notice of the claim of the appellant and the recording of the marriage contract as to him was perfectly useless.
It is, therefore, adjudged and decreed that the judgment of the District Court be reversed ; and this Court proceeding to render such judgment as the Court below ought to have rendered, orders and decrees that the negro slaves Rosette and Laguerre be seized and sold to satisfy the judgment obtained by the appellant against her husband, and that the appellee pay costs. '